**Scott v. Fort Pitt Museum Assoc., Inc.**

94

*Clyde T. MacVay,* for plaintiff Margaret A. Scott
*Frank J. Micale,* for additional defendant Commonwealth of Pennsylvania.

WETTICK, *A.J.,* September 20, 1983—In these actions, plaintiffs seek damages for personal injuries sustained at Point State Park. The Commonwealth of Pennsylvania was the owner and in control of the park on the date that plaintiffs' injuries were sustained. In new matter in its original answer, the Commonwealth raised the defense of sovereign immunity based upon the Sovereign Immunity Act (42 Pa.C.S.A. §8521 et seq.). Through a motion to amend, the Commonwealth now seeks to amend its answer and new matter to include the immunity protections of the Recreation Use of Land and Water Act (68 P.S. §477-1 et seq.). Plaintiff Margaret A. Scott opposes the amendment on the

ground that the act is not applicable to the Commonwealth.

The Recreation Use of Land and Water Act encourages land owners to make their land available to the public for recreation by limiting the liability of an owner of land who permits others to use the land without charge for recreational purpose to the willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity (68 P.S. §447-1 et seq.). The act defines owner as the "possessor of a fee interest, a tenant, a lessee, occupant or person in control of the premises" (68 P.S. §477-2).

The Commonwealth correctly asserts that the Act on its face reaches any possessor of a fee interest in control of the premises. Plaintiff argues, however, that the Commonwealth should not be deemed an owner under the act because the legislature did not intend to extend the act's protections to the Commonwealth.

The Recreation Use of Land and Water Act was enacted in 1966. At that time, the Commonwealth possessed sovereign immunity. Consequently, it is unlikely that the legislature considered the question of whether the protections of this act were to extend to the Commonwealth. Moreover, the issue of whether the act should extend to the Commonwealth raises different policy considerations. While the legislature desired to encourage private land owners to open their lands to the public at no charge for recreational purposes by limiting their liability, it may not have concluded that the same incentives were necessary when Commonwealth property was involved. Traditionally, the Commonwealth has made its property available for such purposes as an incident of public ownership and to extend to lands owned by the citizens of this Commonwealth a leg-

islative policy limiting the liability of land owners who have no obligation to make their lands open to the public may be seen as unnecessary and unfair.

This position is consistent with the holdings in Hahn v. Commonwealth, 18 D.&C.3d 260 (1980), and Watterson v. Commonwealth, 18 D.&C.3d 276 (1980), that the Recreation Use of Land and Water Act is inapplicable to the Commonwealth because the Legislature when limiting the liability of other land owners would not have intended to confer upon the Commonwealth a redundant immunity. The opposite result was reached in Hughes v. City of Lock Haven, et al., (No. 82-2796), Lycoming County).

The court's opinion in Hughes v. City of Lock Haven found the Hahn v. Commonwealth and Watterson v. Commonwealth opinions unpersuasive because they rendered the Commonwealth more vulnerable to civil liability than other defendants. The court concluded that the purpose of the Sovereign Immunity Act was to place the Commonwealth on the same footing as private entities with respect to claims permitted under the Sovereign Immunity Act. In support of its position, the court relied upon the following provision in the Sovereign Immunity Act:

The General Assembly . . . does hereby waive (in certain instances) sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury was caused by a person not having available the defense of sovereign immunity. 42 Pa.C.S.A. §8552(a).

We disagree with the characterization of this statutory language as a legislative intention to place the Commonwealth on the same footing in damage ac-

tions as a private entity. This provision states only that in certain instances the Commonwealth waives the defense of sovereign immunity in common law or statutory causes of action where damages would be recoverable if the tort feasor did not have available the defense of sovereign immunity. It does not address the issue of the applicability to the Commonwealth of statutory defenses, so it offers no guidance as to whether the legislature intended for the protections of the Recreation Use of Land and Water Act — a statute limiting recovery — to apply to the Commonwealth.

Nothing within the Sovereign Immunity Act suggests that the legislature was concerned with placing the Commonwealth on the same footing as private parties with respect to immunity defenses. To the contrary, through the Sovereign Immunity Act, The Commonwealth occupies a very different position from other tort feasors.

The Sovereign Immunity Act is a comprehensive legislative response to the case law abolishing sovereign immunity which establishes those situations in which the Commonwealth will continue to be immune for damages arising out of its negligent acts.[*] Since this act does not incorporate the immunity protections of the Recreation Use of Land and Water Act and since the legislature did not decide that the Commonwealth would receive the protections of this Act when it adopted this act, we hold that the Commonwealth may not claim the protections of this act because of the absence of any legislative indication that the act is intended to apply to the Commonwealth.

---

[*] In Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A.2d 709 (1978), the Pennsylvania Supreme Court abolished the doctrine of sovereign immunity.

For these reasons, we enter the following order of court

## ORDER OF COURT

On this September 20, 1983, it is hereby ordered that the motion to amend answer and new matter of the Commonwealth of Pennsylvania is denied.

